

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0504-20

### APRIL LOREACE WILLIAMS, Appellant

### v.

### THE STATE OF TEXAS

## ON STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE FOURTH COURT OF APPEALS
## GUADALUPE  COUNTY

NEWELL, J., filed a concurring opinion in which KELLER, P.J., and HERVEY, J., joined.

As the Court acknowledges, the United States Supreme Court has articulated a general framework for determining whether a courtroom closure violates a defendant's Sixth Amendment public-trial right.  This

framework consists of a four-factor analysis through which the reviewing court considers whether: 1) the party seeking to close the trial advanced an overriding interest that is likely to be prejudiced; 2) the closure was no broader than necessary to protect that interest; 3) the trial court considered reasonable alternatives to closing the proceeding; and 4) the trial court made findings adequate to support the closure.[1]  Rather than engage in that analysis, the Court adopts the State's argument that there was only a partial closure, or a *de minimis* closure, without reaching this analysis.

I empathize with this approach because the trial court's handling of this situation was very reasonable.  Further, the trial court's decision to require a single spectator to view the testimony of one witness through a live video stream satisfies the second, third, and fourth *Waller* factors.  The closure was certainly no broader than necessary to protect that interest.  And the trial court clearly considered reasonable alternatives to closing the proceedings by adopting the live-stream approach.  Finally, the record also reveals that the trial court made findings to support the closure.

---

[1] *Waller v. Georgia*, 467 U.S. 39, 48 (1984).

However, I disagree with the Court's decision to avoid any analysis of whether the State advanced an overriding interest in closing the proceedings by saying the trial court's closure in this case was only *de minimis* simply because the family member was "virtually included" via livestream. This approach effectively holds that satisfying the second and third *Waller* factors is enough to authorize a closure of the court despite a defendant's right to a public trial. While we have held that the defendant must show that the court was closed before we engage in that analysis, we have not held that a showing of a partial closure is no closure at all.[2] Even when we have acknowledged that other jurisdictions have applied a less stringent *Waller* test in the context of a "partial" closure, we have still recognized the need for the party seeking the closure to provide some justification for that closure.[3] Indeed, jurisdictions analyzing a "partial" courtroom closure (as opposed to a

---

[2] *Cameron v. State*, 490 S.W.3d 57, 68-69 (Tex. Crim. App. 2016) (holding that the burden was on defendant to first prove that the trial was closed to the public); *see also Cameron v. State*, 535 S.W.3d 574, 579 (Tex. App.—San Antonio 2017, pet. ref'd) (holding that defendant carried his burden to prove that the courtroom was closed when record showed that members of the defendant's family were excluded from the courtroom); *Lilly v. State*, 365 S.W.3d 321, 328-31 (Tex. Crim. App. 2012) (holding that reviewing courts look to the totality of the circumstances to determine whether a defendant's trial was closed to the public).

[3] *See e.g., Steadman v. State*, 360 S.W.3d 499, 505 n. 19 (Tex. Crim. App. 2012) (citing *Commonwealth v. Cohen*, 921 N.E.2d 906, 111 (Mass. 2010) (noting that a majority of the federal circuit courts and several state courts still require a showing of a substantial reason to justify a partial closure).

"trivial" one) still evaluate the sufficiency of the reason given for the courtroom closure even though there is some disagreement regarding how significant the interest must be.[4] The Court cites to no authority for the proposition that physically excluding a family member from the courtroom during live testimony is trivial simply because that member is "virtually included" via livestream.

I believe we should consider the applicability of the less-stringent "partial" closure standard in this case before rejecting it in favor of the "triviality" standard we adopt today. Two of the cases the Court references when discussing this standard seem directly analogous to the case before us. For example, in *Tinsley v. United States*, the District of Columbia Court of Appeals held that protecting the witness and avoiding

---

[4] *United States v. Simmons*, 797 F.3d 409, 415–16 (6th Cir. 2015) (holding that the defendant's right to a public trial was violated by an even partial closure due to the lack of a "substantial interest" in closing the courtroom to three co-defendants due to concerns regarding witness intimidation); *Garcia v. Bertsch*, 470 F.3d 748, 753–54 (8th Cir. 2006) (considering whether interest in partial closure of courtroom was substantial before denying habeas relief due to the unsettled nature of the law); *United States v. Thompson*, 713 F.3d 388, 395–96 (8th Cir. 2013) (holding that the government's interest in protecting its witness and the witness's concern for his own safety justified the partial closing in this case); *United States v. Osborne*, 68 F.3d 94, 98–99 (5th Cir. 1995) (upholding partial closure after determining that protecting a minor from emotional harm is substantial enough reason to defend a limited closure of the court); *People v. Jones*, 750 N.E.2d 524, 614 (N.Y. 2001) (holding that the government met its burden to show an overriding interest in partial closure of the courtroom based upon safety concerns arising from the co-defendant being "at large"); *Tinsley v. United States*, 868 A.2d 867, 876 (D.C. 2005) (holding that record demonstrating concerns for witness safety and to prevent witness intimidation provided an overriding interest justifying partial closure of the courtroom); *State v. Mahkuk*, 736 N.W.2d 675, 685 (Minn. 2007) (holding that defendant's right to a public trial was violated by partial closure of the courtroom because the prosecution did not present a sufficient record to establish an overriding state interest to justify the partial closure).

intimidation justified the partial closure of the courtroom to the defendant's brother and the brother's friends in the defendant's murder trial.[5]  Conversely, in *State v. Mahkuk*, the Supreme Court of Minnesota held that the prosecution's concern regarding witness safety and intimidation did not justify the partial closure of the courtroom to the defendant's brother, a high-ranking gang member.[6]  Both cases are more closely analogous to the case before this Court than any of those involving "trivial" closures.

Indeed, the original purpose of the "trivial" or "de minimis" exception to a defendant's open trial right was to address rare situations involving "brief and inadvertent" courtroom closures.[7]  For example, *Peterson v. Williams* involved a courtroom closure that was initially justified under a traditional *Waller* analysis but inadvertently continued

---

[5] *Tinsley v. United States*, 868 A.2d 867, 876 (D.C. 2005).

[6] *State v. Mahkuk*, 736 N.W.2d 675, 685 (Minn. 2007).

[7] *See*, *e.g*., *Peterson v. Williams*, 85 F.3d 39, 40 (2d Cir. 1996) (holding that an otherwise justified courtroom closure that inadvertently continued for twenty minutes because of an administerial mistake was a "brief and inadvertent" closure that did not violate the Sixth Amendment); *see also People v. Jones*, 464 P.3d 735, 743-44 (Colo. 2020) (recognizing that cases such as *Peterson* focused on "brief and inadvertent" closures); *United States v. Greene*, 431 F. App'x. 191, 197 (3d Cir. 2011) (applying a triviality standard to court security officer's exclusion of family members during voir dire because the trial court was unaware of the exclusion); *United States v. Anderson*, 881 F.3d 568, 573 (7th Cir. 2018) (trial continued after courthouse was locked for the night at 5:00 p.m.).

for twenty minutes unbeknownst to the trial court or the parties.[8] Similarly, in *United States v. Greene*, the Third Circuit applied a "triviality" standard where the defendant's family members were wrongfully excluded from the courtroom during voir dire by the bailiff without the knowledge of the trial court.[9]  Even the rare cases applying the "triviality" standard to otherwise intentional courtroom closures are easily distinguishable from this case because they involved administrative matters rather than the development of evidence or obvious interests justifying the closure that were apparent on the record.[10]  None of the cases cited by the Court that apply the triviality

---

[8] *Peterson*, 85 F.3d at 40.

[9] *Greene*, 431 F. App'x. at 197.

[10] For example, *People v. Lujan*, 461 P.3d 494, 500 (Colo. 2020) deals with the closure that occurred during the re-reading of a jury instruction to the jury that had previously been read twice in open court.  Similarly, *United States v. Ivester*, 316 F.3d 955, 958 (9th Cir. 2003) dealt with questioning jurors in open court in the presence of the defendant and his attorney but outside the presence of the spectators because the questioning regarded safety concerns from the jury about the spectators.  Both cases involved administrative matters rather than the development of evidence.  By contrast, the closure in this case involved the live testimony of a confidential informant, not any administrative matter.  Further, *Carson v. Fischer*, 421 F.3d 83, 94 (2d Cir. 2005) dealt with a situation in which the *Waller* test was properly applied on direct appeal regarding a state trial court's exclusion of everyone from the courtroom but the defendant's immediate family.  It was only on habeas review that the exclusion of the defendant's ex-mother-in-law was deemed trivial.  And *United States v. Perry*, 479 F.3d 885, 887 (D.C. Cir. 2007) dealt with the exclusion of the defendant's eight-year-old son to protect the child from the effect of seeing his father on trial.  Even though the court of appeals applied the triviality standard, there was still an obvious and substantial interest justifying the courtroom closure considered and provided by the trial court.

standard go as far as the Court does in this case. Comparing all these cases, I believe this case involves a partial closure, not a trivial one.

There is a presumption in favor of openness that must be overcome.[11] Analyzing whether Appellant has shown that his interest in a public trial has been violated by a trivial closure rather than whether the State presented a substantial justification for that closure flips this presumption on its head. Instead, we should recognize that a partial closure may be a reasonable alternative to a complete closure of the proceedings if it is justified by a showing from the party seeking closure that keeping the trial open would prejudice a substantial, if not overriding interest.

I acknowledge that in this case, the State made a paltry showing in this regard. Nevertheless, I believe the State had at least a substantial interest in partially closing the court room given that it appears that the excluded spectator, Appellant's brother, would be intimidating to the witness, a confidential informant. Further, Appellant's arguments that excluding Appellant's brother from the courtroom gave the witness the ability to testify in a "consequence-free

---

[11] *Lilly v. State*, 365 S.W.3d 321, 328 (Tex. Crim. App. 2012).

environment" implicitly bolstered the State's contention that the brother's presence would intimidate the witness.

Whatever else can be said about this argument, it still requires evaluation for some justification of the partial closure. Under the Court's holding, however, the State need not make any showing to justify the closure at all. This holding is far more likely to diminish public trial rights than holding that the State had a substantial interest in excluding Appellant's brother to prevent intimidation of a crucial witness. And if we are refusing to perform the *Waller* analysis because doing so would require a vindication of Appellant's right to a public trial, then it is hard for me to agree that the partial closure in this case was trivial.[12] Ultimately, the Court effectively holds that a trial court can convert a partial closure into a trivial one by simply livestreaming the proceedings to the excluded members of the public. This "virtual inclusion" rationale will turn the *de minimis* exception into a *de maximus* one that will swallow the *Waller* standard whole.

With these thoughts, I concur.

---

[12] Maj. Op. at 26, fn. 17 ("Here, were we to undertake a full *Waller* analysis, we would be inclined to agree with the dissent's view that, given the lack of facts in the record beyond the prosecutor's bare assertions alleging witness intimidation, the State failed to demonstrate how this interest would have been prejudiced by allowing Appellant's brother to remain in the courtroom.").

Filed: September 28, 2022

Publish